O’NIELL, Chief Justice.
 

 Mrs. Nina Vance died at her domicile in Caddo parish, leaving a forced heir, namely, Mrs. Larry Vance Hunt. She is the granddaughter of Mrs. Vance, inheriting
 
 by
 
 representation of her deceased father. Mrs. Vance left a will and more than one codicil. The record does not show how many codicils there are. In fact the record does not show what legacies were given in the will or codicils, or to whom they were given. The will and codicils were omitted from the record which was filed in this court. It appears from the inventories that Mr’s. Vance left real estate valued at $7,500 in Caddo parish, and personal'property valued at $48,-811.45, consisting mainly of stocks and bonds, and cash in bank. She left also real estate in Bossier parish, consisting of a plantation, called North Riverside Plantation, appraised at $28,600; and 6%e interest in a plantation called Willow Chute Plantation,’ the 6%s interest being appraised at $34,579.12; and 6%s interest in a tract of land having an area of 137 acres, the 6%s interest being appraised at $539.-43. The inventories were made at the request of the executors, but without notice to Mrs. Hunt; and no motion was made to have the inventories homologated.
 

 The will and codicils were probated, but, on the complaint of Mrs. Hunt that the legacies exceeded the disposable portion — two-thirds—of the estate, the judge refused to order the will or codicils executed.
 

 Soon after the inventories were filed, Mrs. Hunt obtained a -rule on the executors, and on the attorney who had been appointed to represent the absent legatees to show cause why the appraisement of North Riverside Plantation should not be increased to $56,450, and why the appraisement of the 6%6 interest in Willow Chute Plantation should not be increased to $71,780, and why the appraisement of the United States Treasury bonds, appearing on the inventory of the property in Caddo parish, should not be increased 10 per cent., or from $23,000 to $25,300. The prayer of the petition of Mrs. Hunt, for the rule to show cause, was merely that the inventories should be amended by increasing the valuations of the two plantations and of the treasury bonds, to the amounts stated, and that, after being so amended, the inventories should be approved and homologated and made the final judgment of the court.
 

 The executors and the attorney who had been appointed to represent the absent legatees filed an exception to the petition of Mrs. Hunt for an amendment of the inventories, to the effect that the petition did not disclose a cause or right of action
 
 *763
 
 against them, the executors and the attorney appointed to represent the absent legatees. The district judge ruled that the exception of no cause or right of action was well founded, and dismissed Mrs. Hunt’s petition for an amendment of the inventories. She has brought the matter here on a writ of certiorari.
 

 Obviously, what the executors and the attorney representing the absent legatees meant by their plea, that Mrs. Hunt had no cause or right of action against them, was that a suit by a forced heir to determine the disposable portion of the estate, or to reduce the legacies, should be brought against the legatees whose legacies are alleged to be excessive. This proceeding, brought by Mrs. Hunt, was brought only against the executors and the attorney for the absent legatees. It is not a proceeding to reduce an excessive donation or legacy, or even to fix the disposable portion of the estate. Even in such a proceeding, the executors could not stand in judgment, or represent the donees or legatees whose donations or legacies are sought to be reduced. The attorney appointed to represent the absent legatees might stand in judgment for them, in a suit to reduce their legacies; but this is not such a suit; and it is not charged, and does not appear from the record before us, that the absent legatees are the ones whose legacies are sought to be reduced.
 

 Qur conclusion, therefore, is that Mrs. Hunt has not set forth a cause or right of action to amend the inventories by increasing the appraisements which she complains of. Her remedy is to bring suit to reduce such legacies as. she deems excessive, according to the provisions of the Civil Code, articles 1504 et seq. As an incident to such a suit, or to determine the disposable portion of the estate, Mrs. Hunt has the right to demand that the judge shall determine judicially the value of each and every item of property on the inventories, or belonging to the estate, or disposed of by the testatrix by donation inter vivos. In such a suit the valués appearing on the inventory are not conclusive, but are merely prima facie evidence of the actual values of the property; as to which the judge is at liberty to receive and consider and in fact he must receive and consider, any relevant evidence that may be offered. Babin v. Nolan, 4 Rob. 278, 286; Derouin v. Segura, 5 La.Ann. 550; Succession of Pipkin, 7 La.Ann. 617, 619; Succession of Dean, 33 La.Ann. 867; Succession of Williams, 171 La. 151, 129 So. 801. But a forced heir has no right to demand that the judge shall substitute his judgment, as to the value of any property on the inventory, for the value placed thereon by the appraisers, except in a suit which has for its object some substantial relief or result, such as the reduction of an excessive donation or legacy, or the determination of the disposable portion of the estate.
 

 The judgment complained of is affirmed, reserving to Mrs. Hunt, as a forced heir,the right to sue for the reduction of any disposition in the will or codicils that may affect her légitime, and hence to sue to determine the disposable portion of her grandmother’s estate, and as an incident to
 
 *765
 
 such a suit, to show by any relevant evidence the actual value of any or all of the property on the inventory. Mrs. Hunt is to pay the costs of this proceeding.